CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SNC-LAVALIN AMERICA, INC., | ) |
| | ) |
| Plaintiff/ Counter-Defendant, | ) Civil Action No. 7:10CV00540 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| ALLIANT TECHSYSTEMS, INC., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant/ Counter-Plaintiff. | ) |

This case is presently before the court on the plaintiff's motion to compel the production of documents that have been withheld by the defendant on the basis of attorney-client privilege. The court held a hearing on the motion on October 4, 2011. Following the hearing, the defendant tendered copies of the documents to the court for in camera review. For the reasons set forth below, the court will grant the motion to compel.

### Background

SNC-Lavalin America, Inc. ("SNC") filed this diversity action against Alliant Techsystems, Inc. ("ATK"), asserting claims of breach of contract, unjust enrichment, and promissory estoppel. The action stems from the design and construction of a new nitric acid and sulfuric acid concentration plant ("NAC/SAC") at the Radford Army Ammunition Plant, a United States Army facility operated by ATK in Radford, Virginia. SNC and ATK entered into a written contract pursuant to which SNC agreed to provide engineering, procurement, and construction services. The source of the parties' dispute is SNC's demand for payment for additional costs that the company allegedly incurred as a result of (1) ATK-directed changes in the work to be performed; and (2) ATK's refusal to extend the deadline for completing the work.

SNC has moved to compel the production of documents withheld by SNC on the basis of attorney-client privilege. Most of the documents at issue were prepared by Washington Group International ("WGI"), an engineering firm hired to serve as ATK's technical consultant on the NAC/SAC modernization project.[1] ATK contends that "[t]hese documents, which WGI created at the behest of ATK and ATK's counsel, were prepared with the purpose of being sent to ATK's attorneys to aid counsel's provision of legal advice to ATK." (Br. in Opp. to Mot. to Compel at 2-3).

## Discussion

Because this is a diversity case, the determination of whether the documents at issue are protected by the attorney-client privilege is governed by Virginia law. See, e.g., Union County v. Piper Jaffray & Co., 525 F.3d 643, 646 (8th Cir. 2008) ("[In] a diversity case, the determination of whether attorney-client privilege applies is governed by state law.") (citing Fed. R. Evid. 501). As a general rule, "[c]onfidential communications between attorney and client made because of that relationship and concerning the subject matter of the attorney's employment are privileged from disclosure, even for the purpose of administering justice." Commonwealth v. Edwards, 370 S.E.2d 296, 301 (Va. 1998) (internal citation and quotation marks omitted). However, "the privilege is an exception to the general duty to disclose, is an obstacle to investigation of the truth, and should be strictly construed." Id. Accordingly, "[t]he attorney-client privilege does

---

[1] ATK has divided the documents at issue into four exhibits. Exhibit 1 includes WGI's "suggested responses" to potential change notices that SNC submitted to ATK. Exhibit 2 contains spreadsheets that WGI created comparing SNC's performance against the engineering functional specifications. Exhibit 3 includes spreadsheets that WGI created evaluating whether SNC performed contract requirements. Exhibit 4 contains an ATK-generated memorandum evaluation of SNC's performance of Process Hazards Analysis.

2

not attach to a document merely because a client delivers it to his attorney." Va. Elec. & Power Co. v. Westmoreland-LG & E Partners, 526 S.E.2d 750, 755 (Va. 2000). Instead, the communication must be for the purpose of procuring or providing legal advice.[2] Id.; see also Henson v. Wyeth Laboratories, Inc., 118 F.R.D. 585, 587 (W.D. Va. 1987) ("[I]t is important to note . . . that in order for the privilege to apply, the attorney receiving the communication must be acting as an attorney and not simply as a business advisor."); Scott & Stringfellow, LLC v. AIG Commercial Equip. Fin., Inc., No. 3:10CV00825, 2011 U.S. Dist. LEXIS 51028, at *8 (E.D. Va. May 12, 2011) (holding that although general counsel was privy to certain documents, the attorney-client privilege did not apply since "the purpose of the communications was not the solicitation or provision of legal advice on any specified legal issue"); Rush v. Sunrise Senior Living, Inc., No. 07-11322, 2008 Va. Cir. LEXIS 12, at *12 (Va. Cir. Ct. Feb. 12, 2008) (emphasizing that the privilege "does not shield from discovery communications generated or received by an attorney acting in some other capacity, or communications in which an attorney is giving business advice rather than legal advice") (internal citation and quotation marks omitted).

The burden is on the proponent of the privilege "to establish that the attorney-client relationship existed, that the communications under consideration are privileged, and that the privilege was not waived." Edwards, 370 S.E.2d at 301. "[I]n practical terms, this burden requires the proponent to explain, through ex parte submissions if necessary to maintain confidentiality, the significance or meaning of an otherwise cryptic document." United States v. (Under Seal), 748 F.2d

---

[2] The same is true for communications between a client and a third party retained by the client. While the United States Court of Appeals has held that the invocation of the attorney-client privilege may be appropriate in cases involving communications between a client and its agent, such communications must be "made for the purpose of facilitating the rendition of legal services." See In re Grand Jury Proceedings Under Seal, 947 F.2d 1188, 1191 (4th Cir. 1996).

3

871, 876 (4th Cir. 1984). Stated differently, the party withholding the document must specifically and factually support its claim of privilege "by way of evidence, not just argument." Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust, 230 F.R.D. 398, 410 (D. Md. 2005).

Applying these principles, and having reviewed each of the documents withheld from production, the court concludes that ATK has failed to demonstrate that the documents are protected by the attorney-client privilege. The documents were prepared by employees of WGI and ATK, and include no communications from ATK's legal counsel. While ATK has submitted emails indicating that each of the documents was intended to be shared with legal counsel, neither the documents themselves, nor any other evidence presented by ATK, establishes that the documents were "prepared primarily in a legal capacity," as opposed to a "business capacity." Henson, 118 F.R.D. at 588. The communications "do not explicitly ask for legal advice, opinions, or oversight," or otherwise suggest that the purpose of the documents is to obtain or provide "an opinion on law, legal services, or . . . assistance in some legal context." Scott & Stringfellow, 2011 U.S. Dist. LEXIS 51028, at *10. While the table of contents in one of the exhibit binders indicates that the exhibit contains "counterclaim analysis," the actual documents, consisting of spreadsheets prepared by WGI, were generated months before SNC filed the instant action in December of 2010. The same is true with all of the other documents, which were drafted between March and September of that year. Because neither the documents themselves nor any other evidence proffered by ATK establishes that the documents were "made for the purpose of facilitating the rendition of legal services," In re Grand Jury Proceedings, 947 F.2d at 1191, the court concludes that ATK has failed to meet its burden of demonstrating that the attorney-client privilege immunizes the documents from disclosure.

For the reasons stated, the court will grant SNC's motion to compel. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 6th day of October, 2011.

/s/ Glen Conrad
Chief United States District Judge